UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br>SANDRA MARIE GREEN<br> SS #xxx-xx-0875 | Case No.:   13-29202-RBR<br><br>Chapter 7 |
| Debtor.<br>_____/ | |
| KENNETH WELT, as Chapter 7 Trustee<br>for the bankruptcy estate of SANDRA<br>GREEN, | Adv. Pro. No.:   13-01951-RBR |
| Plaintiff,<br>v. | |
| SANDRA GREEN, ROBERT K. GREEN,<br>NORMAN GIESE, and MARLENE GIESE,<br><br>Defendants.<br>_____/ | |

**DEFENDANTS' (NORMAN AND MARLENE GIESE'S) MOTION FOR
CLARIFICATION AS TO COUNT I AND MOTION TO DISMISS
COUNT II, OF THE COMPLAINT, AND DEMAND FOR JURY TRIAL**

Defendants, Norman Giese, and Marlene Giese ("Giese"), by and through their undersigned attorney, hereby file this *Defendants' Motion for Clarification as to Count I and Motion to Dismiss Count II of the Complaint, and Demand for Jury Trial* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, and pursuant to Local Rule 9015-1, make a demand for a jury trial on all applicable issues, and in support thereof, state:

**BACKGROUND**

1. On July 1, 2002, the Debtor and her non-filing Husband executed a

1

Promissory Note and Mortgage (the "Mortgage") in the amount of amount of $165,800.00 in favor of Norman and Marlene Giese, the Debtor's parents, on their then and current homestead property located at 3 Sunset Lane, Pompano Beach, Florida 33062 ("Real Property").

2. The Mortgage evidencing Giese's security for the promissory note was recorded more than ten years later on or about November 5, 2012. Upon the recording, this Mortgage became the third lien on the Real Property and is subordinate to two senior mortgages held by Chase.

3. Subsequently, on August 13, 2013, the Debtor filed a petition for relief under Chapter 7 pursuant to title 11 of the United States Code ("Petition Date").

4. On December 22, 2013, the Trustee filed his Complaint [ECF #1] based on causes of action under 11 U.S.C. §§ 105, 547, 548, 550.

5. Giese now files this Motion for Clarification as to Count I as the Trustee has failed to clarify and or identify the alleged "preference" payments and the basis for the avoidance of said payments and for, what appears to be, the total avoidance a mortgage for which Robert K. Green is an obligor of the Giese secured mortgage on his homestead.

6. Giese now files this Motion to Dismiss to Count II of the Trustee's Complaint as the Count fails to state any claim upon which relief can be granted.

7. Counts III, IV, and V of the Plaintiff's/Trustee's Complaint are inapplicable to Giese.

## COUNT I: CLARIFICATION UNDER 11 U.S.C. § 547

8. The Trustee was supplied with information from the Debtor regarding the

payments made by the Debtor and Robert K. Green, the Debtor's non-debtor spouse ("Husband"). The information supplied to the Trustee breaks down payments made by the Debtor and Husband into two categories: monies paid on account of the Giese Mortgage and monies paid on behalf of the Husband regarding monies Husband individually owes to Giese. The Trustee, in paragraph 18 fails to identify the specific alleged preference payments he seeks to avoid and the amounts thereof.

9. The Trustee, in paragraph 21 fails to identify how the avoidance of a "transfer" would cause there to be "equity" in the real property.

10. The Trustee in paragraph 27 fails to identify any legal reason for this allegation. This paragraph seems to ignore the fact that the non-debtor Husband was liable on this properly secured mortgage as to him, and fails to detail any legal reason upon which the transfer from the Husband would be a preference as to Giese.

11. Giese does not dispute that they were paid money from the Debtor and the Husband nor do they dispute that, as to the Debtor, the recording of the Mortgage on the homestead could possibly be a preference between the Debtor and her parents. Giese is confused, however, as to what the Trustee believes that the avoidance of this transfer, without the avoidance of the Husband's transfer to Giese and the fact that the real property is the homestead of the Debtor and her non-debtor Husband, gives to the Trustee.

**COUNT II: NOT FRAUDULENT TRANSFER WITHIN 11 U.S.C. § 548**

12. Under Florida law, "if a married couple holds property as a tenancy by the entireties, each spouse is said to hold it per tout, meaning that each spouse holds the whole or the entirety, and not a share, moiety, or divisible part . . . each spouse is seized

of the whole". *In re Mathews*, 360 B.R. 732, 741 (Bankr.M.D.Fla. 2004). It is not in dispute that the tenancy by the entirety protection is not available to the Debtor up to the amount of joint debt; however, this does not render the protections provided within the Florida Constitution as to the Debtor's non-filing Husband's interest, immaterial or non-existent, it just fails to consider it at all

13. Count II of the Trustee's Complaint warrants dismissal as the Trustee has failed entirely to provide a basis for relief as the transfer of the Mortgage was not a fraudulent transfer within the purview of 11 U.S.C. § 548.

14. The Trustee acknowledges in paragraph 21 of his Complaint that the real property, located at 3 Sunset Lane, Pompano Beach, Florida 33062 ("Real Property"), is the homestead of the Debtor and her Husband. The property remains encumbered by two other mortgages, leaving no equity in the Real Property for her husband in the Real Property even if the transfer of the Mortgage given by the Debtor to Giese is avoided as to the Debtor. Erroneously stated in the Trustee's Complaint, "[t]he 'equity' would be property of the Estate, but exemptible pursuant to the Florida Constitutional Homestead Exemption". Thus, although the Trustee clearly acknowledges the homestead and exemptible nature of the Real Property in question, he fails to recognize that the property maintains its status as the protected homestead of the non-filing Husband, even if the transfer of the Mortgage to Giese is avoided under 11 U.S.C. §§ 547 or 548.

15. Under the Florida Constitution and expressly recognized by the Eleventh Circuit, there is a "unique and inviolable nature of the protection given to homestead property". *In re Levine*, 134 F.3d 1046, 1052 (11th Cir. 1998).

16. This "unique and inviolable nature" of the homestead protection does not

simply vanish upon the filing of a bankruptcy, especially when the situation involves a debtor and non-filing spouse. Each spouse is a holder of the entire interest in the property, and the homestead exemption protection as to one cannot be simply extinguished within the bankruptcy of the filing spouse.

17. Such constitutional protections operate to protect homestead property from creditor claims whether the challenge is a direct challenge to the homestead exemption or an indirect attack on the nature of the exempt property by way of the avoidance of a fraudulent transfer action. *See In re Potter*, 320 B.R. 753, 759-60 (Bankr.M.D.Fla. 2005).

18. As the Court discussed in *In re Wingate*, a debtor's transfer of exempt property cannot be avoided pursuant to the fraudulent transfer provisions of the Bankruptcy Code as **"[d]isposition of exempt property does not establish intent to defraud creditors since creditors do not have a claim against the exempt property originally"** (emphasis added). *In re Wingate*, 377 B.R. 687, 695 (Bankr.M.D.Fla. 2006) (quoting *In re Dismore,* 2005 WL 419709, *1 (Bankr.M.D.Fla.)). Thus, as the Court found in *Wingate*, "[a]n intent to defraud creditors cannot be established when a debtor converts exempt property to non-exempt property". *Id.* (quoting *In re Dismore,* 2005 WL 419709, *1 (Bankr.M.D.Fla.)).

19. Despite the Trustee's allegations regarding a purported avoidable fraudulent transfer as described within 11 U.S.C. § 548, the Trustee cannot use his strong-arm powers to avoid a transfer involving constitutionally-created exempt property, such as a homestead. *In re Potter*, 320 B.R. at 758-59.

20. Therefore, in the instant case, any basis for a fraudulent transfer action

pursuant to 11 U.S.C. § 548 to recover any potential transfers prejudicing the transferor's creditors does not exist as the property is constitutionally exempted, and "may not be recovered by a trustee on fraudulent transfer grounds because such property could not have been attached by creditors before any transfer". *In re Lankry*, 263 B.R. 638, 644 (Bankr.M.D.Fla. 2001). There is nothing for the Trustee to recover in the avoidance of a transfer involving this constitutionally exempt asset. This argument stands on its own even though there is a second problem with the Trustee's cause of action that the Trustee fails to recognize—the Trustee has NO cause of action against the non-filing spouse for a fraudulent transfer.

21. The recording of the mortgage by Giese securing the Note executed ten years prior to the filing of the bankruptcy case on the Real Property is not a fraudulent transfer governed by 11 U.S.C. § 548 and not avoidable to the extent it is protected homestead of the Husband. The Trustee recognizes that the property is the Debtor's and her non-filing spouse's homestead, but fails to recognize this effect on his cause of action.

22. Moreover, the Real Property, as acknowledged in the Trustee's Complaint, is the Debtor's and her Husband's homestead. As such, the Real Property retains its protected homestead status as to the interest of the non-filing Husband and is exempt from any administration of the Estate being that constitutional exemptions are not subject to avoidance. *See In re Potter*, 320 B.R. at 758-59.

23. As in *Wingate*, the encumbered Real Property in question constitutes exempt assets or homestead, and the transfer of the Mortgage in the Real Property did not constitute a fraudulent conveyance delineated within 11 U.S.C. § 548. Instead, the

interest transferred was exempted by the Florida Constitution and one to which Estate creditors would not have been able to attach even if the Mortgage did not exist. The Debtor did not need to claim a dollar value in her homestead as exempt because no equity exists in the Real Property to claim exempt. This does not dispossess the Debtor of her primary residence/homestead.

24. As the homestead is protected to the extent of the Debtor's primary residence and the non-filing Husband's interest, the basis for avoidance of a fraudulent transfer is frivolous and any avoidance as requested by the Trustee will not provide any remedy to the Estate.

25. Quite simply, a cause of action for the avoidance of a fraudulent transfer cannot exist when the interest is in an exempt asset for which no fraudulent transfer objection exists. That is the case here.

## CONCLUSION

**WHEREFORE** Norman and Marlene Giese [1] make their demand for a jury trial on all applicable issues so triable, [2] do not consent to a jury trial in the bankruptcy court, [3] request that this Honorable Court enter an Order (1) Granting the Motion for Clarification as to Count 1 and (2) Dismissing Count II of the Complaint, with prejudice, and [4] for such further relief as the Court deems appropriate.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida, that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was filed using CM/ECF and served this 23rd day of January, 2014: (i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this bankruptcy case, and/or (ii) via First Class U.S. Mail, unless stated otherwise, upon the parties listed on the attached Service List, as applicable.

>Moffa & Bonacquisti, PA
>Attorneys for Norman and Marlene Giese
>1776 North Pine Island Road #102
>Plantation, FL    33322
>Telephone    954-634-4733
>FAX             954-337-0637
>
>By: /s/   *John A. Moffa*
>         John A. Moffa
>         FBN 932760
>         John@mbpa-law.com

**Service List:**

Marlene & Norman Giese
11 Shotliff Cir
Bella Vista, AR 72715

Sandra & Robert Green
3 Sunset Ln
Pompano, FL 33062

Lawrence E. Pecan              Via CM/ECF
Marshall Socarras Grant, P.L.
197 S Federal Hwy Ste 300
Boca Raton, Florida 33432-4946