**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| In re:<br>SANDRA MARIE GREEN<br> SS #xxx-xx-0875 | Case No.: 13-29202-RBR<br><br>Chapter 7 |
| Debtor.<br>_____/ | |
| KENNETH WELT, as Chapter 7 Trustee<br>for the bankruptcy estate of SANDRA<br>GREEN, | Adv. Pro. No.: 13-01951-RBR |
| Plaintiff,<br>v. | |
| SANDRA GREEN, ROBERT K. GREEN,<br>NORMAN GIESE, and MARLENE GIESE, | |
| Defendants.<br>_____/ | |

**DEFENDANTS' MOTION TO DISMISS THIRD AMENDED
COMPLAINT AND REQUEST FOR JURY TRIAL ON ALL ISSUE SO TRIABLE**

Defendant, Robert Green, and Norman and Marlene Giese, by and through their undersigned counsel, hereby request that the Court dismiss Counts II, III, IV and V of the Plaintiff's Third Amended Complaint [D.E. 62], demand a jury trial on all issues so triable, and in support thereof state:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On July 1, 2002, the Defendant Sandra Green ("Debtor") and her non-filing husband, Defendant Robert Green ("Husband"), executed a Promissory Note ("Note") in the amount of amount of $165,800.00 in favor of Defendants Norman and Marlene Giese, the Debtor's parents (the "Parents"), and a mortgage securing such Note ("Mortgage") with their then and current Florida Homestead property located at 3

Sunset Lane, Pompano Beach, Florida 33062 ("Real Property").

2. On March 15, 2012, the Debtor and her Husband executed a Forbearance Agreement related to the Note that required them to make the payments under the Note, but altered the payment schedule thereunder.

3. Perfection of the Mortgage did not occur until the Mortgage was recorded approximately ten years later on or about November 5, 2012, in the regular course of estate planning. Upon recording, the Mortgage became a perfected third lien on the Real Property and is subordinate to two mortgages held by JP Morgan Chase Bank, N.A.

4. Subsequently, on August 13, 2013, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Petition Date"). Kenneth A. Welt was appointed as Chapter 7 Trustee ("Trustee" or "Plaintiff"),

5. On the Petition Date, given the three then existing mortgages on the Real Property, neither the Debtor nor her non-filing Husband had any equity in the Real Property.

6. On December 22, 2013, the Plaintiff filed a Complaint [D.E. 1] alleging a preference (Count I), fraudulent transfer (Count II), entitlement to declaratory relief (Count III) requesting preservation of an avoided lien (Count IV) and requesting a surcharge (Count V).

7. On January 3, 2014, the Debtor and her Husband filed a motion to dismiss Counts II, III, IV and V ("Motion to Dismiss") [D.E. 16] of the Plaintiff's Complaint.

8. On January 23, 2014, the Parents filed a motion to clarify Count I and a motion to dismiss Count II ("Motion to Clarify") [D.E. 25].

9. On January 27, 2014, the Plaintiff filed an objection to the Debtor and her Husband's Motion to Dismiss [D.E. 27]. On March 17, 2014, the Plaintiff filed an objection to the Motion to Clarify [D.E. 41].

10. On March 19, 2014, the Court held a specially set hearing on the Motion to Dismiss, the Motion to Clarify and the Plaintiff's objections thereto. After hearing extensive argument, the Court took the matter under advisement [D.E. 42], and on April 11, 2014, the Court entered Orders (1) granting in part, and denying in part, the Motion to Clarify [D.E. 47], and granting the Motion to Dismiss as to Counts II, III and IV [D.E. 47, 48].[1]

11. On April 23, 2014, the Court acknowledged that the Defendants conceded to Count I and entered an Order granting summary judgment on Count I [D.E. 53].

12. On April 25, 2014, the Plaintiff amended his complaint [D.E. 54] and on April 28, 2014, the Plaintiff filed his Second Amended Complaint [D.E. 55].

13. On May 19, 2014, the Plaintiff filed his Third Amended Complaint [D.E. 62]. The Third Amended Complaint requests that the Court enter orders avoiding a preference (Count I), allowing the Plaintiff to sell the non-filing Husband's Florida Homestead, free and clear of Husband's interest (Count II), foreclosing a mortgage and demanding an accounting of the Note, admittedly not held by the Plaintiff (Count III), and avoiding a forbearance agreement, allegedly a fraudulent transfer itself (Counts IV and V).

14. The Defendants request that the Court dismiss Counts II, III, IV and V of the Plaintiff's Third Amended Complaint, *with prejudice*, pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012.

---

[1] The parties had previously agreed to the dismissal of Count V. *See* D.E. 38.

**COUNT II FAILS TO STATE A CLAIM FOR RELIEF**
**(Sale – 11 U.S.C. § 363(h))**

15. Count II of the Plaintiff's Third Amended Complaint seeks the Court's approval of a § 363(h) sale of the non-filing Husband's Florida Homestead property, *free and clear of his interest in same*. This count also seeks approval of a sale of the estate's interest in the Real Property.

16. The Husband is the non-filing spouse of the Debtor and co-owner of the Real Property, which is the Debtor's and her non-filing spouse's homestead.

17. The Plaintiff readily admits that the Real Property is the Homestead of the Husband. *See* ¶ 33, Third Amended Complaint. This Court should not approve a sale of the Husband's interest in the Real Property that is protected by the Husband's Florida Constitutional rights, namely those under Article X, Section 4.

18. In support of this count, the Plaintiff posits that the benefits of a § 363(h) sale outweigh the detriment to the Husband. This argument fails on its face as the Plaintiff attempts to use a Bankruptcy Code provision in complete disregard to the homestead provisions set forth in the Florida Constitutional.

19. It is well settled that state law creates and defines property interests. *In re Witko*, 374 F.3d 1040, 1043 (11th Cir. 2004). It is uncontested that federal law determines whether an interest is property of the bankruptcy estate. *Id*, *citing Segal v. Rochelle*, 382 U.S. 375 (1966).

20. The Husband is not a debtor under Title 11 and his property rights, which are clearly created and defined by state law, are not affected by his wife's filing of a Chapter 7 petition.

21. The principles of equity resonating through the Bankruptcy Code and this

Court's equity powers should not be used as a medium to divest a non-debtor, Florida resident of his property rights under the guise of § 363(h).

22. The Plaintiff cannot avoid the underlying liability of the Husband to the Debtor's Parents on account of the Note, even if the Plaintiff is able to avoid the transfer of the Mortgage to the Debtor's Parents. While the Debtor is discharged from her liability to the Parents under the Note, the Husband is not discharged and remains liable to the Parents under the Note.

23. The detriments to the Husband heavily outweigh the benefit to the estate if the Plaintiff were legally able to sell the Real Property, which he cannot, free and clear of the Husband's interest.

24. Since the Debtor and her non-filing Husband both have a Homestead interest in the Real Property, this count fails and must be dismissed.

### COUNT III FAILS TO STATE A CLAIM FOR RELIEF AND IS NON-CORE
### (Foreclosure of Lien)

25. A fundamental prerequisite of a foreclosure proceeding is that the Plaintiff must have standing to foreclose. Interestingly enough, "The proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage or the holder's representative." *Khan v. Bank of America*, 58 So.3d 927, 928 (Fla. 5th DCA 2011).

26. The Plaintiff admits in its Third Amended Complaint that is does not hold the Note, but seeks to foreclose on a Mortgage that the Plaintiff is trying to avoid in Count I.

27. The Defendants deny the Plaintiff's ability to foreclose on his "lien" or mortgage and assert that Plaintiff cannot foreclose on a note it does not hold.

28. In addition, the obligations the Debtor and her Husband (the mortgagors)

had under the Note to the Parents are not in default and were not in default as of the Petition Date, pursuant to that certain Forbearance Agreement entered into between the parties.

29. State court foreclosure remedies are only available to mortgagees when mortgagors are in default. Since the Debtor and her Husband were not in default under the terms of the Forbearance Agreement, no party, even one with standing, can foreclose the mortgagors' interests.

30. The Husband and Parents, are not debtors under Title 11, do not consent to entry of final orders of judgments by this Court and request that, if not dismissed, this count be required to be tried in a different court.

### COUNTS IV AND V FAIL TO STATE CLAIMS FOR RELIEF
### (Fraudulent Transfers – Forbearance Agreement)

31. Counts IV and V seek to avoid the Forbearance Agreement, under alternate theories of constructive[2] and actual fraud, in an effort to call the Debtor and her Husband in default under the Note in an effort to allow the Plaintiff to foreclose on the Real Property.

32. It is undisputed that the Plaintiff can attempt to avoid, as fraudulent transfers, any *transfer of an interest of the debtor in property*, or any obligation incurred by the debtor, that was made or incurred within the 2 years before the Petition Date, if the debtor voluntarily or involuntarily (i) made such transfer or incurred such obligation with actual intent to hinder, delay or defraud creditors; or (ii) received less than a reasonably equivalent value in exchange for such transfer or obligation, and was insolvent on the date of the transfer was made or obligation was incurred, or became

---

[2] Although the constructive fraud theory was improperly pled, as discussed *infra*.

insolvent as a result of such transfer or obligation. §§ 548(a)(1)(A) and (B).

33. In order for a trustee to succeed under a constructive fraudulent transfer theory, the transfer must have resulted in the *Debtor* receiving *less* than reasonably equivalent value in the exchange. In entering the Forbearance Agreement, the Debtor (and her Husband) received more than they were entitled, certainly not less.

34. The Plaintiff improperly alleged that "the Debtor did not receive reasonably equivalent value for entry into the Forbearance Agreement." ¶ 63, Third Amended Complaint. The applicable standard is not that the debtor must receive *reasonably equivalent* value, but that the Debtor cannot receive *less than* reasonably equivalent value in exchange. This element has not been alleged and certainly has not been met by any interpretation of the facts, so the constructive fraud argument fails and Count IV must be dismissed.

35. Further, the Defendants and Debtor did not enter into the Forbearance Agreement with the actual intent to hinder, delay or defraud her creditors. The Plaintiff has not set forth any facts sufficient to infer actual intent to defraud and to the contrary, the Plaintiff has alleged that the Debtor and her Husband were unable to pay their debts as they became due at the time the Forbearance Agreement was entered. ¶¶ 11, 12, Third Amended Complaint. Actual fraud must be pled with particularity.

36. The only logical inference from these facts is that the Forbearance Agreement was entered in order to reduce the Debtor and her husband's monthly expenses to a more manageable figure. Actual intent to hinder, delay or defraud creditors cannot be proven from these facts and actual fraud was not pled with particularity. Accordingly, Count V must be dismissed.

## **CONCLUSION**

The Plaintiff inappropriately attempts to use the Court's equity powers to divest the Husband of his interest in his Homestead under § 363(h), despite the fact that the Husband is still obligated to the Parents, whether the transfer of the Mortgage is avoided. The Plaintiff's Third Amended Complaint attempts new causes of action that should have been pled previously and must be dismissed as to Counts II through V and should be dismissed, with prejudice.

**WHEREFORE** the Defendants:

[1] make their demand for a jury trial on all applicable issues so triable,

[2] do not consent to a jury trial in the bankruptcy court and do not consent to the entry of final orders of the Bankruptcy Court,, and request that this Honorable Court enter an order:

(A) Dismissing Counts II, III, IV, and V of the Complaint, with prejudice,

(B) Abstaining from all non-core matters, and

(C) for such further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida, that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was filed using CM/ECF and served this 2nd day of June, 2014: (i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this bankruptcy case, and/or (ii) via First Class U.S. Mail, unless stated otherwise, upon the parties listed on the attached Service List, as applicable.

                                   Moffa & Bonacquisti, PA
                                   Attorneys for the Defendants
                                   1776 North Pine Island Road #102
                                   Plantation, FL   33322
                                   Telephone    954-634-4733
                                   FAX              954-337-0637

                               By: _/s/  John A. Moffa_
                                   John A. Moffa
                                   FBN 932760
                                   John@mbpa-law.com
                                   Stephen C. Breuer
                                   FBN 99709
                                   Stephen@mbpa-law.com


**Service List:**

Marlene & Norman Giese
4541 Lafayette Ln E
Estero, FL 33928

Robert Green
3 Sunset Ln
Pompano, FL 33062

Larry Pecan, attorney for the Trustee via CMECF